UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
JOSEPH GARCIA,

        Plaintiff,

  -v.-                                                                     9:04-CV-1117
                                                                                (GLS)(DEP)

GLEN S. GOORD, Commissioner of DOCS;
MICHAEL MAHER, Acting Superintendent,

        Defendants.
-------------------------------------------------------------------

**APPEARANCES:**                           **OF COUNSEL:**

JOSEPH GARCIA
Plaintiff, *pro se*

HON. ELIOT SPITZER                    MARIA MORAN, ESQ.
Office of the Attorney General

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION and ORDER

**I.    Background.**

The Clerk has sent to the Court a letter motion seeking a stay of this action filed by the defendants. Docket No. 12.

This action was filed on September 24, 2004. The defendants have been served, but have not responded to the complaint. Rather, defendants seek to stay this action pending a decision from the Second Circuit Court of Appeals in *Donhauser v. Goord*, 317 F. Supp.2d 160 (2004). Plaintiff has not filed a response to the defendants' request.

The complaint alleges that the defendants have violated plaintiff's Fifth Amendment rights. The nature of the alleged violation is a requirement that plaintiff admit to uncharged sexual acts as part of a Sex Offender Counseling Program. Plaintiff

alleges that his failure to acquiesce in the requirements of the program resulted in his loss of good time credit. The claim is based upon Judge David N. Hurd's prior rulings in *Donhauser v. Goord*, 9:01-CV-1535.[1] One of the two defendants named in this action is also a defendant in *Donhauser*.

## II. Discussion.

### A. Consolidation with *Donhauser*.

Rule 42 of the Federal Rules of Civil Procedures provides, in pertinent part:

> When actions involving a common question of law or fact are pending before the court ... it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Court finds that common questions of law and fact are presented in *Donhauser* and this action. Thus, the Court will order that this case be consolidated with *Donhauser*, and this action shall be deemed a member case.

### B. Motion for Stay.

With respect to defendants' motion to stay this action, and not requiring defendants to respond to the complaint until the Court of Appeals has decided the appeal in *Donhauser*, the Court finds that same may be granted.

WHEREFORE, it is hereby

---

[1] In *Donhauser*, Judge Hurd issued a preliminary injunction on April 23, 2004 ordering that "defendants and persons acting under their direction and/or control are enjoined from depriving a prisoner of good time credits because of the prisoner's refusal to divulge a history of sexual conduct, including illegal acts for which no criminal charges have been filed, in order to be eligible for the Sexual Offender Counseling Program." Docket No. 85.

On February 15, 2005 Judge Hurd has also granted class certification in *Donhauser*, with the class defined as "Current or former New York State prisoners who have lost or have been denied good time credits or have been threatened with the loss or denial of good time credits because of a refusal to admit guilt to criminal sexual conduct as a part of the Sexual Offender Counseling Program." Docket No. 127.

2

ORDERED, that the Clerk of the Court consolidate civil actions *Donhauser v. Goord*, 9:01-CV-1535 and *Garcia v. Goord,* 9:04-CV-1117. The Clerk shall reassign *Garcia v. Goord,* 9:04-CV-1117 to the Hon. David N. Hurd, as presiding District Judge, and refer such case to George H. Lowe, as Magistrate Judge. Civil action number 9:01-CV-1535 shall be referred to and treated as the "lead" case, and all subsequent Orders of the Court, and papers that are submitted by the parties hereto that pertain to any of the foregoing actions shall be filed in civil action number 9:01-CV-1535, and it is further

ORDERED, that the Clerk file and docket a copy of this Order in case number 9:01-CV-1535, and it is further

ORDERED, that the motion for a stay of defendants' deadline to respond to the complaint pending a decision on the appeal in *Donhauser* (Docket No. 12) is granted, and it is further

ORDERED, that the defendants shall file a response to the complaint in accordance with the Orders of Judge Hurd or Magistrate Judge Lowe, following the Second Circuit's decision on the appeal in *Donhauser v. Goord*, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:   December   9 , 2005

_____
Gary L. Sharpe
United States District Judge